[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case arises out of a failed attempt by the plaintiff, SGI Partners ("SGI"), to purchase the assets of Addison USA, Inc. ("Addison"), a subsidiary of the defendant, Addison Design Company, Inc. ("ADC"). SGI alleges that the defendants made misrepresentations to SGI regarding the sale and used SGI as a "stalking horse" to receive a higher price from another buyer, a group of ADC managers (Management Group). On August 17, 1994, the plaintiff filed a six count complaint charging the defendants with breach of contract, promissory estoppel, negligent misrepresentations, a violation of General Statutes § 42-110a
et seq., the Connecticut Unfair Trade Practices Act (CUTPA), and fraudulent misrepresentations. The plaintiff is seeking both monetary and injunctive relief.
The plaintiff was granted a temporary restraining order CT Page 4162 (TRO), on August 17, 1994, prohibiting the defendants from selling, transferring, and otherwise encumbering the stock certificates of ADC. The plaintiff alleges that immediately after the defendants, received notice of the TRO, they converted and executed stock purchase agreements with the Management Group by transferring ADC's business to a sister company and selling the subsidiary to the Management Group. In response to this action, SGI moved the court to hold the defendants in contempt for violation of the TRO.
On September 8, 1994, the defendants filed a motion to dismiss, pursuant to Practice Book § 143(2), stating that this court lacked personal jurisdiction over them pursuant to General Statutes: §§ 33-411(b) and (c). The defendants requested that this action and the TRO be dismissed and they submitted affidavits of Matthew King and Geoffrey M. Chinn. In opposition to the motion to dismiss, the plaintiff filed a supporting affidavit of Attorney Steven J. Curley, and affidavits of Richard French and Howard Pederson.
A motion to dismiss for lack of jurisdiction over a party is authorized by Practice Book § 143. "The motion to dismiss . . . admits all facts which are well pleaded, invokes all existing record and must be decided upon that alone." Bardev. Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988).
The plaintiff argues that the defendants' motion to dismiss for lack of personal jurisdiction should be denied because they allege that the defendants have committed tortious conduct in this state and are therefore subject to Connecticut's long-arm statute. The plaintiff further argues that the "minimum contacts" standard for federal constitutional due process requirements has been met by virtue of defendants' significant business activities in Connecticut.
In determining whether personal jurisdiction exists over a person or entity pursuant to General Statutes § 33-411(c), the "long-arm" statute, the court must make a two prong inquiry.Frazer v. McGowan, 198 Conn. 243, 246, 502 A.2d 905 (1986). The first inquiry is whether the long-arm statute authorizes the court to exercise jurisdiction. Frazer v. McGowan, supra,198 Conn. 246. The second prong requires the court to determine whether the exercise of jurisdiction over the defendant would violate constitutional principles of due process. Id. "[I]t is the totality of the defendant's conduct and connection with this CT Page 4163 state that must be considered, on a case by case basis, to determine whether the defendant could reasonably have anticipated being haled into court here." Id., 249; see also World-WideVolkswagen Corporation v. Woodson, 444 U.S. 286, 297,100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Standard Tallow Corporation v.Jowdy, 190 Conn. 48, 459 A.2d 503 (1983). The burden is on the plaintiff to prove the facts that establish personal jurisdiction. Lombard Bros., Inc. v. General Asset ManagementCo., 190 Conn. 245, 250, 460 A.2d 481 (1983).
In meeting this burden of proof, the plaintiff is not required to prove the defendant's liability, but only the commission of acts in relation to this state which justify the court's exercise of jurisdiction. 1 Stephenson, Conn. Civ. Proc. (2d Ed. 1985) § 96, at 390. "When . . . the jurisdictional basis is not clear on the face of the record because service is had under the long-arm statutes, additional facts establishing the "minimum contacts" required by, due process may need to be shown. . . . If the defendant challenges the court's jurisdiction, it is then incumbent on the plaintiff to prove the facts establishing the requisite contacts. (Footnotes omitted.)Standard Tallow Corporation v. Jowdy, supra, 190 Conn. 52-53. "A determination of whether sufficient minimum contacts with Connecticut exist is a fact question. . . . [A]ffidavits are insufficient to determine the facts unless, like summary judgment, they disclose that no genuine issue as to a material fact exists. . . . When issues of fact are necessary to the determination of a court's jurisdiction, due process requires a trial-like hearing be held, in which a opportunity is provided to present evidence and to cross-examine adverse witnesses." (citations omitted; internal quotation marks omitted.) Id., 56.
General statutes § 33-411(c) states: "Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, . . ., on any cause of action arising as follows . . . out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance."
This court has jurisdiction over the defendants based upon § 33-411(c)(4). "Only a single act of tortious conduct need be shown in order to invoke § 33-411(c)(4)." Teleco OilfieldServices v. Skandia Insurance Company, 656 F. Sup. 753, 758 (D. Conn. 1987). It is well settled law in Connecticut that a false CT Page 4164 representation entering the state via the telephone or mail will constitute tortious conduct in this state. David v. Weitzman,677 F. Sup. 95, 97 (D.Conn. 1987); Center Capital Corp. v. Hall,
Superior Court, Judicial District of Hartford/New Britain at New Britain, Docket No. 452084 (June 9, 1993), Dorsey, S.T.R.);Whitney v. Capullo, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 295347 (June 1, 1993, Lager, J.); Braunstien v. Hayes Thynne, P.C., 8 Conn. L. Rptr. 369, 371 (February 17, 1993, Nigro, J.).
In this present case, the plaintiff alleges that defendants intentionally made false representations by telephone and facsimile concerning the sale of Addison, upon which the plaintiff relied to its detriment. Plaintiff cites to the affidavits of French and Pedersen to show that the defendants made at least five misrepresentations by facsimile and one by telephone. Based on the interpretation of § 33-411(c)(4) by both federal and state courts, affidavits submitted by plaintiff make a facial showing that the defendants have committed tortious conduct in the state of Connecticut, and this court therefore properly has jurisdiction over the defendants pursuant to § 33-411(c)(4).
Once the court has determined that a defendant is subject to a long-arm statute, it must be determined whether the totality of a defendant's contacts are sufficient to allow it to anticipate being haled into court here. World-Wide Volkswagen Corporation v.Woodson, supra, 444 U.S. 286, 297. The contacts must be of a nature to comport with "traditional notions of fair play and, substantial justice." International Shoe v. Washington, supra,326 U.S. 310, 66 S.Ct. 154, 90 L.Ed.2d 95 (1945). Thus, the "twin touchstones of due process analysis under the minimum contacts doctrine are foreseeability and fairness." United StatesTrust Co. v. Bohart, 197 Conn. 34, 41, 495 A.2d 1034 (1985). Commercial actors need not have a physical presence in a state to establish the necessary minimum contacts, so long as the actor's efforts are purposefully directed towards the state. Burger KingCorp. v. Rudzewicz, 471 U.S. 462, 476, 105 S.Ct. 2174,85 L.Ed.2d 528 (1985). The minimum contacts necessary to subject a defendant to suit are not determined through a mechanical or quantitative evaluation of a defendant's activities in the forum, but rather through a qualitative examination of the relationship among the defendant, the forum and the litigation. Shaffer v.Heitner, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683
(1977). CT Page 4165
In this present case, the affidavits submitted by both parties are sufficient to show that there is no genuine issue of material fact in dispute as to the defendants' contacts with Connecticut. The attorney for the plaintiff, Stephen Curley, has submitted an, affidavit attesting to the authenticity of documents and deposition transcripts gathered during discovery. It is these documents upon which the plaintiff relies to establish defendants' contacts with, this state. These documents disclose that the defendant has derived at lease 11% of its gross billings, approximately $365,152.00 from the state of Connecticut in the first seven months of 1994. These documents also disclose that the defendant has regularly and systematically solicited business in this state.
The plaintiff has also shown that the defendants, through their agents, have: (1) traveled to Connecticut at least nine times to consult with current and prospective clients; (2) derived at least $365,152.00 in billings from Connecticut clients, about 11% of its anticipated revenue for 1994; (3) solicited 83 prospective clients from this state; (4) placed at least 2,403 telephone calls to contacts in Connecticut in the first seven months of 1994 alone; (5) transmitted numerous facsimiles to Connecticut and (6) maintained contractual and/or business relations with clients in Connecticut for some twenty years.
Based on the foregoing, the defendants had sufficient minimum contacts with Connecticut to make it reasonably foreseeable that they would be subject to suit in this state. The defendants have "purposefully availed" themselves of the privilege of conducting activities in Connecticut and it is not unfair for them to litigate in this state. See Hanson v. Denckla, 357 U.S. 235,78 S. CT. 1228, 2 L.Ed. 1283 (1958).
Thus, this court has jurisdiction over the defendants pursuant to General Statutes § 33-411(c)(4), and the defendants had sufficient minimum contacts with this state to satisfy due process requirements. Therefore, the defendants' motion to dismiss is denied.
So Ordered
Dated at Stamford, Connecticut this 12th day of April, 1995. CT Page 4166
WILLIAM BURKE LEWIS, JUDGE